Sneed, J.,
delivered the opinion of the court.
At the suit of the plaintiff, Jos. H. Wyatt, a personal judgment was rendered against the defendant, Thos. IT. Davidson, in the circuit court of Gibson county, upon an instrument of the form following:
“In consideration of a compromise of and settlement of a claim against my intestate, brother, of whom I am administrator, said claim being a joint liability with me on a note to Joseph Wyatt, for $2,400, and his share of said liability being $1,200, with interest from--day of -, 1862, I, as administrator aforesaid, and out of the assets of his estate, not binding myself personally, but only as above stated, promise to pay said Joseph Wyatt the sum of four hundred dollars eighteen months after date.
March 23, 1866.
[Signed]
Thos. H. Davidson, Adm’r.,
T. H. Davidson.”
It is questioned in argument in behalf of defendant, whether or not the first initial of the last name was not the letter “J” instead of “T,” as indicating the name of the defendant’s intestate rather than that of defendant himself, who upon the last hypothesis would seem to have subscribed his name as surety individually for his fiduciary undertaking. To negative the latter supposition the defendant on the trial below filed a plea of non est factum, *615 denying that he had signed the paper in his individual capacity. This plea, upon motion, was stricken from the files, and no proof was allowed upon that subject, the court being of opinion that such testimony was irrelevant, and that defendant was absolutely bound, personally, by the' fiduciary covenant itself. The defendant also offered testimony that no assets of the estate had or would come into his hands wherewith co pay the debt. This testimony, upon objection, was rejected, and a personal judgment was rendered against the defendant for the amount and interest. Was the defendant personally liable on this instrument?
We see nothing unlawful in a contract by which a personal representative acknowledges a debt against the estate he represents, and promises to pay it out of the funds of the estate. He is hedged about by the safeguards which the law has erected for the security of all creditors alike, and of course, in so contracting, he must know what he..is about, as in giving any precedence to such a debt above others, equally meritorious, he would proceed at his own peril.
Such an undertaking, though perhaps improvident on his part, is not positively unlawful. The courts let parties malee their own bargains, and only undertake to enforce them according to the intention of the contracting parties. If, on the other hand, a creditor sees proper to forego all other chances against the estate of the representative thereof by merging his debt into a fiduciary obligation of said representative to pay when he can out of the assets which may or may not come to his hands, he has a right to do it, and there, is certainly nothing unlawful in it. In such a case if the representative has practiced a fraud upon the creditor by misrepresentation or suppression of the real condition of the estate, whereby the creditor, as against the estate, loses his debt, the law provides ample remedies in the creditor’s behalf against the author of his misfor *616 time. But whether he could recover a personal judgment on the contract itself is another question. The contract must be its own interpreter. Bor the protection of ordinary agents and attorneys we have a statute which provides that “instruments in relation to real and personal property, executed by an agent or attorney, may be signed by such agent or attorney for his principal, or by writing thé name of the principal by him as agent or attorney; or by simply writing his own name, or his principal’s nanm, if the instrument on its face shows the character in which it is intended to be executed.” Code, sec. 2012 [Shannon’s Code, sec. 3679]. While it has been the uniform doctrine of this court that an administrator or other trustee making an ordinary promissory note for a fiduciary debt, without more, merges the fiduciary debt into a personal obligation, though he may sign it as administrator or trustee, yet no case shows a departure from the. ancient common law doctrine as given in Comb’s Case, 9 Coke’s II., which protects all trustees alike from personal liability when the face <of the paper itself shows clearly that they do not intend to bind themselves personally. Erwin & Bass, Adm’r, v. Carroll, Gov., 1 Yer., 145; Jordan v. Trice, 6 Yer., 479; Kain v. Humes, 5 Sneed, 611. These cases discover the true doctrine on the subject, that it is a question of intention at last. 2 Kent., 718 [pp. 630, 633, and notes]; Owen v. Gooch, 2 Esp. R., 567; Story on Contracts, sec. 101 et seq.; Car. L. S., 83; Hite v. Goodman, 1 Dev. & Bat. Eq., 364; Delius v. Cawthorn, 2 Dev. Law R., 100.
In the case before us it is clear that defendant, by his unequivocal disclaimer, has protected himself absolutely from all personal liability on the instrument in question, and that the plaintiff could not have understood it otherwise. Whether he is bound by the alleged personal signature under his signature as administrator can only be de *617 termined upon a trial of the issue of non est factum, tendered by him.
We hold that the court erred in striking out this plea.
Let the judgment be reversed, and the case remanded for issue and trial.